IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH MICHAEL JONES,            *

  Petitioner,                 *

  v.                          *     CIVIL ACTION NO. CCB-16-3965

RICHARD J. GRAHAM, JR., *et al.*, *

  Respondents.                *
                                          ******

## MEMORANDUM

On December 7, 2016,[1] Joseph Michael Jones filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his 2005 convictions entered in the Circuit Court for Harford County, Maryland for sexual abuse of a minor, second degree sexual offense, and third degree sexual offense. (ECF No. 1; ECF No. 11-1.)[2] Respondents filed an answer which solely addressed the timeliness of the petition. (*See* ECF No. 11.) Petitioner was advised that he had the opportunity to file a reply, (*see* ECF No. 12), but he has filed nothing further. The court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition will be denied and dismissed with prejudice.

---

[1] The petition, which was received by the court on December 12, 2016, is dated December 7, 2016, and is deemed filed on that date. (*See* ECF No. 1.) The "mailbox rule" applies to prisoners' § 2254 motions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Citation is to the court's electronic docket.

1

**Procedural History**

After a jury trial in the Circuit Court for Harford County in August of 2005, petitioner was convicted of sexual abuse of a minor, second degree sexual offense, and third-degree sexual offense. (*See* ECF 11-1 at 3–5.) He was sentenced on September 27, 2005, to a total term of imprisonment of 55 years, with all but 38 years suspended. (*See id.*)

Petitioner filed a motion for modification of sentence on September 29, 2005, which was held *sub curia*. (*Id*. at 7.) Although it does not appear the court ruled on the motion, its authority to do so expired on September 27, 2010. *See* Md. Rule 4-345(e) (a court "may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant").[3]

Petitioner also noted a timely direct appeal. (ECF 11-1 at 7.) The appeal was denied by the Court of Special Appeals on December 21, 2007. *See Jones v. State*, Sept. Term 2005, No. 1688 (Md. Ct. Spec. App. Dec. 21, 2007). The Maryland Court of Appeals affirmed petitioner's convictions and sentence on September 22, 2009. *See Jones v. State*, 410 Md. 681 (2009) (ECF 11-2). Petitioner did not seek further review in the United States Supreme Court. As such, the judgment became final for direct appeal purposes on December 21, 2009. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari be filed within 90 days of the judgment from which review is sought).

On December 2, 2014, petitioner submitted a collateral attack on his conviction by filing a petition for post-conviction relief in the Circuit Court for Harford County. (ECF 11-1 at 10.) On February 25, 2016, post-conviction relief was denied. (*Id*. at 11.) Petitioner's application for

---

[3] The docket sheet also reflects that, on October 27, 2010, petitioner wrote to the sentencing judge asking for a modification of sentence. (ECF No. 11-1 at 9.) The request was denied on November 12, 2010. (*See id.*)

leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on October 26, 2016. (*Id*. at 12.) The court's mandate issued on November 28, 2016. (ECF 11-3.)

**Analysis**

Under 28 U.S.C. § 2244(d),[4] a one-year statute of limitations applies to habeas actions filed by prisoners held pursuant to state-court judgments. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending, and it may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771–72 (D. Md. 1998).

The statute of limitations began to run in petitioner's case on December 21, 2009, when

---

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

his direct appeal concluded. Assuming that petitioner's then-pending motion for modification served to statutorily toll the limitations period, the sentencing court's revisory power expired on September 27, 2010, and petitioner no longer had any collateral proceedings properly pending to toll the limitations period. Petitioner did not institute state post-conviction proceedings until over four years later, on December 2, 2014. As such, there was no properly filed post-conviction or other collateral proceeding pending in state court from September 27, 2010, through December 2, 2014, a period in excess of one year, which would have tolled the limitations period. Accordingly, the statute of limitations for petitioner's federal habeas petition expired before he instituted his state post-conviction proceedings, and the instant petition is time-barred under 28 U.S.C. § 2244(d).

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 645. The Court reiterated that, in order to be entitled to equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented the timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies turns on the facts and circumstances of the particular case. *See Harris*, 209 F.3d at 329-30.[5]

Petitioner offers no arguments that support equitable tolling. Petitioner's pro se status and any attendant lack of knowledge of the law are not the type of extraordinary circumstances which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (declining to apply equitable tolling where the delay in filing was the result of

---

[5] *See also Lusk v. Ballard*, 2010 WL 3061482, *6 (N.D. W. Va. July 22, 2010) (explaining that the Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*).

4

petitioner's unfamiliarity with the legal process and lack of legal representation); *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (mistake by party's counsel in interpreting statute of limitations provision does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (pro se status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA and ignorance of the law are not "rare and exceptional" circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). The court does not find petitioner entitled to equitable tolling. Therefore, the petition will be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Because petitioner has not satisfied this standard, the court declines to issue a certificate of appealability.

A separate order follows.

5/31/17  
Date

/S/  
Catherine C. Blake  
United States District Judge